(Decided 22nd March, 1882.)

---

STATE OF MARYLAND, use of GEORGE W. MILLER *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Action in Damages for a Death alleged to have been caused by the Negligence of the Defendant—Prayer—Burden of proof—Absence of evidence of Negligence—Railroad Company—Brakeman.*

An action in the name of the State was brought against a railroad company to recover damages for a death alleged to have been caused by the negligence of the defendant. The deceased was found under the cars of the defendant mortally wounded. There was no testimony showing in what manner he got under the cars. Whether he was attempting to get on them while in motion, or fell while attempting to cross the track, was not explained by the evidence. The cars were on a siding, and going at the rate of one mile an hour. HELD:

1st. That the jury were properly instructed that " under the pleadings and evidence in the cause the plaintiff was not entitled to recover."

2nd. That the burden was upon the plaintiff in the first instance to prove negligence or want of ordinary care on the part of defendant's agents causing the accident.

The place where the accident happened was not at a street, or high-way, or a crossing-place. The defendant was entitled to a clear unobstructed track, and could not presume that any one would intrude thereon. There was no evidence that the deceased had any right to go upon the track. HELD:

That even assuming that there was some evidence that the cars had no brakeman on them while being run upon the siding, that fact would be no ground for charging the defendant with culpable negligence.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before BARTOL, C. J., GRASON, ALVEY and MAGRUDER, J., and submitted on brief for the appellee.

*H. Kyd Douglas*, for the appellant.

*A. K. Syester*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant to recover damages for causing the death of *Douglas Miller*, a youth about sixteen years of age, who was killed by being run over by the cars of the appellee. The accident occurred at Keedysville, a station on the Washington County Branch of the appellee's road, on the 1st day of March 1878, at 7 o'clock in the morning.

Keedysville is a small village situated on the Boons-borough and Sharpsburg Turnpike, which forms the main street of the town, and crosses the railroad at right angles near the station. At that place there is a *siding* parallel to the main track and connected therewith, at the distance of about *nine* feet from it, and extending from a

point 250 yards above the turnpike to a short distance below it.

On the morning of the accident a freight train, with a passenger car attached, reached and stopped at the station at the regular time. The engine was detached and ran forward up to the switch connected with the siding, then ran down the siding and hooked to four *coal cars* standing thereon; the two nearest the station and farthest from the engine, had been unloaded, one of the others had been partly unloaded while the fourth was loaded with coal. The engine drew the four cars up the siding in order to take the two empty cars out upon the main track, where they were detached and sent down the main track towards the place where the train was standing at the platform, and the two loaded cars were sent down the siding where they had been before.

It appears from the testimony that the deceased was seen upon the empty cars on the main track "breaking them;" he was also seen whilst he was getting down from those cars after they had stopped, and shortly afterwards, his body was found under the rear end of the loaded cars on the siding, mortally injured. It appeared from the indications upon the side track that his body had been dragged underneath the cars about thirty-five feet; and on the platform at the formost end of one of the cars, which was covered with white frost, "there were marks resembling finger prints as if some one had slipped."

No witness saw the deceased after he got off the empty cars, till his body was found under the cars as before stated.

There is no testimony in the case showing in what manner he got under the cars. Whether he was attempting to get on them while in motion, or fell while attempting to cross the track, or in what way the accident happened, is not explained by the evidence.

According to the proof, the loaded cars were moving very slowly, at the rate of one mile an hour.

At the trial below a number of prayers offered by the appellant were rejected, and a verdict was found for the appellee, the jury being instructed by the Court that "under the pleadings and evidence in the cause, the plaintiff was not entitled to recover."

In our opinion the instruction was clearly right. As said in *Foy's Case*, 47 *Md.*, 82: "In order to maintain the action it was incumbent on the plaintiff to prove that the death was caused by the negligence of defendant's agents, and it must not appear from the evidence, that want of ordinary care and prudence on the part of the deceased contributed to cause his death."

The burden is upon the plaintiff in the first instance to prove negligence or want of ordinary care on the part of defendant's agents causing the accident. *Frech's Case*, 39 *Md.*, 574; *Burns' Case*, 54 *Md.*, 113. After carefully considering all the facts of this case, as they appear in the record, we can perceive no ground upon which any negligence or want of ordinary care can be imputed to the appellee.

In the argument, on the part of the appellant, it was insisted that it was negligence to suffer the loaded cars to run upon the siding, without having a brakeman upon them.

With respect to this question, it must be observed that no positive testimony was given that there was not a brakeman on the cars while they were in motion. *Harrison*, the engineer, testified positively that *Watkins*, the brakeman, was then upon the cars, and both he and Shubridge, the fireman, testified that at the moment they heard of the accident, after the cars had stopped, they saw Watkins between the two tracks alongside of the loaded cars going towards the forepart of the cars. Watkins had died before the trial, and we are consequently without his evidence.

On the part of the appellant, three witnesses testified that they saw no brakeman on the cars; but none of them

saw the cars while in motion, they testified only that they saw no brakeman on them, after they had stopped, and the accident had happened, which is not inconsistent with the positive testimony of Harrison.

But assuming that there was some evidence, that the loaded cars had no brakeman on them, that fact would be no ground for charging the appellee with culpable negligence.

The place where the accident happened was not at a street, or highway, or a crossing place. The appellee was entitled to a clean unobstructed track, and could not presume that any one would intrude thereon; there is no evidence whatever that the deceased had any right to go upon the track. He was not in the employ of the appellee, and no part of his duty as the employé of Mr. Keedy required him to expose himself in that place of danger. Under the proof in this case, there is no ground for holding the appellee responsible for his death.

In addition to the cases in our own reports cited by the appellee, we refer to *Ph. & Reading R. R. Co. vs. Hummel,* 8 *Wright,* (*Pa.,*) 375, and *Hallihan vs. The Railroad,* 71 *Missouri,* 113, as applicable to the present case.

*Judgment affirmed.*

(Decided 22nd March, 1882.)